UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON A. KRUMBACK, | 4:24-CV-04156-KES |
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| KELLIE WASKO, Secretary of the South Dakota Department of Corrections, in individual and official capacity; AMBER PIRAGGLIA, Director of the South Dakota Department of Corrections, in individual and official capacity; ADDYSON AGUIRRE, South Dakota Department of Corrections Staff Attorney, in individual and official capacity; TERESA BITTINGER, Warden of the Jameson Annex Facility, in individual capacity; OFFICER MICHELE BIGGINS, Mail Room Supervisor, in individual capacity; UNIT MANAGER RYAN VANDERAA, Unit Manager of B Unit at the Jameson Annex Facility, in individual capacity; MELISSA MATURAN, Grievance Coordinator of the South Dakota State Pennitentiary, in individual capacity; and JOSEPH ROEMMICH, Warden of the South Dakota State Penitentiary, in official capacity, | |
| Defendants. | |

Plaintiff, Jason A. Krumback, an inmate at the South Dakota State

Penitentiary (SDSP) Jameson Annex, filed a pro se civil rights lawsuit under 42

U.S.C. § 1983. Docket 1. The court granted Krumback's motion for leave to

proceed in forma pauperis and screened his complaint. Docket 8. Krumback's

First and Fourteenth Amendment access to the court claims against
defendants Wasko, Pirraglia,[1] Aguirre, Bittinger, Biggins, Vanderaa, and
Maturan in their individual capacities for money damages survived § 1915A
screening. *Id.* at 12.  Krumback's First Amendment right to send and receive
mail claims against Wasko, Pirraglia, Aguirre, Bittinger, Biggins, Vanderaa, and
Maturan in their individual capacities for money damages also survived
§ 1915A screening. *Id.* In his complaint, Krumback requested declaratory relief
"ordering SD DOC Policy 550.02(c) is unconstitutional, and must be removed
from practice, under 18 USC 3226(A)(1) and 18 USC 3226(ii)(iii)[.]" Docket 1 at
23. Because Krumback sued all defendants in only their individual capacities,
*id.* at 2–4, the court dismissed Krumback's individual capacity claims for
declaratory relief without prejudice. Docket 8 at 13. But the court permitted
Krumback to file an amended complaint alleging official capacity claims on or
before July 3, 2025. *Id.* at 11, 13. On June 23, 2025, Krumback filed an
amended complaint alleging official capacity claims against Kellie Wasko,
Amber Pirraglia, Addyson Aguirre, and Teresa Bittinger[2] for declaratory relief.

---

[1] In his complaint (Docket 1 at 1, 2), Krumback spells this defendant's last
name as "Piragglia," and he uses multiple variations in his amended complaint
(Docket 13 at 1, 3). The court uses the correct spelling.

[2] In his complaint (Docket 1 at 3) and amended complaint (Docket 13 at 3),
Krumback misspelled this defendant's first name. The court uses the correct
spelling of this defendant's first name. Additionally, Bittinger is no longer the
Warden of the SDSP. Joseph Roemmich, the current Warden of the SDSP, is
substituted for Bittinger on the official capacity claims. Fed. R. Civ. P. 25(d).
Bittinger remains a defendant in her individual capacity. In his proposed
amended complaint, Krumback states that he sues Roemmich in his individual
as well as his official capacity. Docket 11-1 at 3. Roemmich did not become the
Warden of the SDSP until June 24, 2025, which is after the alleged
transactions and events occurred that give rise to this action. Krumback's

Docket 13. Wasko, Pirraglia, Aguirre, Bittinger, Biggins, Vanderaa, and
Maturan have answered Krumback's amended complaint. Docket 23.

Before Krumback filed an amended complaint alleging official capacity
claims for declaratory relief as permitted by the court's § 1915A screening
order, he filed a motion for leave to file an amended complaint (Docket 11)
along with a proposed amended complaint (Docket 11-1). Krumback then
notified the court that his motion for leave to file an amended complaint is not
related to the court's § 1915A screening order. Docket 14. Krumback clarified
that his motion to amend was intended to add a claim against a new
defendant, Troy Ellis; remove the former Warden of the SDSP, Teresa Bittinger,
and substitute the current Warden, Joseph Roemmich; add defendant
Biggins's first name; change the name of the payee if any damages are awarded
to Krumback; and include a request for injunctive relief directing that Wasko
and Pirraglia must allow indigent offenders to telephone courts free of charge.
*Id.* at 1. Defendants oppose Krumback's motion for leave to file an amended
complaint. Docket 22.

Under Federal Rule of Civil Procedure 15(a), a party may amend a
pleading once as a matter of course, but "[i]n all other cases, a party may
amend its pleading only with the opposing party's written consent or the

---

proposed individual capacity claims against Roemmich are futile because
Krumback does not allege that Roemmich engaged in personal acts during the
time frame in question. *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir.
2018) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff
must plead that each Government-official defendant, through the official's own
individual actions, has violated the Constitution.").

3

court's leave." Fed. R. Civ. P. 15(a)(1–2). In the § 1915A screening order, the court gave Krumback permission to file an amended complaint asserting official capacity claims for declaratory relief, and Krumback, in accordance with the court's order, has done so. Thus, Krumback must obtain leave of court to file a second amended complaint.

In his proposed amended complaint, Krumback seeks to add Troy Ellis as a defendant because Ellis did not permit Krumback to call the United States Supreme Court on March 31, 2025. Docket 11-1 at 4. The allegations in Krumback's initial complaint arise out of events that occurred on July 2, 9, and 24, 2024, and do not involve Ellis. Docket 1 at 9, 12, 15. Defendants argue that Krumback's proposed amended complaint seeking to add a new claim against a new defendant is "a supplemental pleading disguised as a proposed amended complaint." Docket 22 at 3–4. Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Charles A. Wright et al., Federal Practice and Procedure § 1504 (3d ed. 2025); *see also United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (stating that a supplemental pleading "is designed to cover matters subsequently occurring but pertaining to the original cause" (internal citation omitted)). Supplemental pleadings require leave of court under Fed. R. Civ. P. 15(d). Wright et al., § 1504. Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on

4

appeal absent an abuse of discretion. *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960).

Whether the proposed amended complaint (Docket 11-1) is characterized as an amended or a supplemental complaint is of no moment. The standard used by a district court to decide whether to grant leave to file a supplemental complaint is the same standard that applies when deciding whether to grant leave to file an amended complaint. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced." *Am. Fam. Mut. Ins. v. Hollander*, 705 F.3d 339, 348 (8th Cir. 2013) (citation omitted). But a party has no absolute right to amend his pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Courts may deny leave to amend if there is "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Liscomb v. Boyce*, 954 F.3d 1151, 1156 (8th Cir. 2020) ("Futility is a valid basis for denying leave to amend." (citation omitted)). An amendment is futile when "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[.]" *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir.

2008); *Liscomb*, 954 F.3d at 1156 ("We have held that amending is futile if the amended complaint does not meet pleading requirements.").

"The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

> To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claims.

*Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citing *White*, 494 F.3d at 680); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that to succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions).

Krumback's proposed amended or supplemental complaint is futile because Krumback does not allege that he suffered any prejudice resulting from Ellis's refusal to permit him to call the United States Supreme Court on March 31, 2025. *See generally* Docket 11-1; *see also Klinger v. Dep't of Corrs.*, 107 F.3d 609, 617 (8th Cir. 1997) (holding that even if a plaintiff demonstrates a complete and systemic denial of access to a law library or legal assistance, an

access-to-the courts claim fails as a matter of law if the plaintiff does not suffer actual injury or prejudice as a result of the denial of access).

Krumback's proposed amended or supplemental complaint also alleges that Ellis violated various Department of Corrections policies when he refused to permit Krumback to call the United States Supreme Court. Docket 11-1 at 4–5. But "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). For all these reasons, Krumback's motion for leave to file an amended complaint, Docket 11, is denied to the extent Krumback seeks leave to assert a denial of access-to-the-courts claim against Ellis.

Defendants do not object to the remainder of the amendments in Krumback's proposed amended complaint. *See* Docket 11-1; Docket 22. Thus, Krumback's motion for leave to file an amended complaint, Docket 11, is granted to the extent Krumback seeks leave to amend the caption to include defendant Biggins's first name, to request injunctive relief directing "Defendants Kellie Wasko and Amber Pirraglia are to allow indigent offenders . . . to have calls to courts free of charge as those who are represented[,]" and to change his power of attorney from Terry Meyer to Jacob Ring. In accordance with Rule 25(d), the court has substituted the current warden of the SDSP, Roemmich, for the former warden, Bittinger, on the official capacity claims. *See supra* at 2–3 n.1. The court denies Krumback's motion to amend his complaint to assert individual capacity claims against Warden Roemmich because these claims are futile. *See id.*

Thus, it is ORDERED:

1.      That Krumback's motion to amend complaint, Docket 11, is granted in part and denied in part. Krumback's motion is granted to the extent he seeks leave to amend the caption to include defendant Biggins's first name, to request injunctive relief directing "Defendants Kellie Wasko and Amber Pirraglia are to allow indigent offenders . . . to have calls to courts free of charge as those who are represented[,]" and to change his power of attorney from Terry Meyer to Jacob Ring.  Krumback's motion to amend his complaint to assert a claim for denial of access to the courts against Troy Ellis and to assert individual capacity claims against Warden Roemmich is denied.

2.      That the caption is amended to identify defendant Biggins by her full name: Michele Biggins.

3.      That defendants are not required to answer or otherwise respond to Krumback's amended complaint (Docket 11-1).

4.      That Joseph Roemmich, in his official capacity, is substituted pursuant to Fed. R. Civ. P. 25(d) for Teresa Bittinger on the official capacity claims.

Dated August 22, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

8