UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON A. KRUMBACK,<br><br>                Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Secretary of the South Dakota Department of Corrections, in individual and official capacity; AMBER PIRAGGLIA, Director of the South Dakota Department of Corrections, in individual and official capacity; ADDYSON AGUIRRE, South Dakota Department of Corrections Staff Attorney, in individual and official capacity; TERESA BITTINGER, Warden of SD State Pennitentiary, in individual capacity; OFFICER MICHELE[1] BIGGINS, Mail Room Supervisor, in individual capacity; UNIT MANAGER RYAN VANDERAA, Unit Manager of B Unit at the Jameson Annex Facility, in individual capacity; MELISSA MATURAN, Grievance Coordinator of the South Dakota State Pennitentiary, in individual capacity; and JOSEPH ROEMMICH, Warden of the South Dakota State Penitentiary, in official capacity,<br><br>                Defendants. | 4:24-CV-04156-KES<br><br>ORDER ON PLAINTIFF'S MISCELLANEOUS MOTIONS |

      Plaintiff, Jason A. Krumback, an inmate at the South Dakota State Penitentiary (SDSP) Jameson Annex, filed a pro se civil rights lawsuit under 42

---

[1] According to defendants' answer (Docket 23 at 1), this defendant's first name is Michael.

U.S.C. § 1983. Docket 1. The court granted Krumback's motion for leave to proceed in forma pauperis and screened his complaint. Docket 8. Krumback's First and Fourteenth Amendment access to the court claims against defendants Wasko, Pirraglia,[2] Aguirre, Bittinger, Biggins, Vanderaa, and Maturan in their individual capacities for money damages survived § 1915A screening. *Id.* at 12. Krumback's First Amendment right to send and receive mail claims against Wasko, Pirraglia, Aguirre, Bittinger, Biggins, Vanderaa, and Maturan in their individual capacities for money damages also survived § 1915A screening. *Id.* In his complaint, Krumback requested declaratory relief "ordering SD DOC Policy 550.02(c) is unconstitutional, and must be removed from practice, under 18 USC 3226(A)(1) and 18 USC 3226(ii)(iii)[.]" Docket 1 at 23. Because Krumback sued all defendants in only their individual capacities, *id.* at 2–4, the court dismissed Krumback's individual capacity claims for declaratory relief without prejudice. Docket 8 at 13. But the court permitted Krumback to file an amended complaint alleging official capacity claims on or before July 3, 2025. *Id.* at 11, 13.

On June 23, 2025, Krumback filed an amended complaint alleging official capacity claims against Kellie Wasko, Amber Pirraglia, Addyson Aguirre, and Teresa Bittinger[3] for declaratory relief. Docket 13. Wasko, Pirraglia,

---

[2] In his complaint (Docket 1 at 1, 2), Krumback spells this defendant's last name as "Piragglia," and he uses multiple variations in his amended complaint (Docket 13 at 1, 3). The court uses the correct spelling.
[3] In his complaint (Docket 1 at 3) and amended complaint (Docket 13 at 3), Krumback misspelled this defendant's first name. The court uses the correct spelling of this defendant's first name.

Aguirre, Bittinger, Biggins, Vanderaa, and Maturan have answered Krumback's amended complaint. Docket 23. Krumback moves to strike the defendants' answer (Docket 30) and seeks leave to file a reply to defendants' answer (Docket 36). Krumback filed a third amended complaint without seeking leave of court or obtaining defendants' consent. Docket 38; Docket 43 at 2–3. Defendants filed a motion in opposition to Krumback's third amended complaint (Docket 43), which the court construes as a motion to strike the third amended complaint. Krumback seeks leave to file a reply brief in response to defendants' motion in opposition to the third amended complaint. Docket 45. Finally, Krumback moves for leave to conduct discovery. Docket 37.

I.  **Krumback's Motion to Strike Defendants' Answer and Motion for Leave to File a Reply Brief (Dockets 30 and 36)**

Krumback moves to strike defendants' answer because it fails "to state a claim for which the request dismissal of the amended complaint cannot be achieved." Docket 30 at 9. Krumback also contends that the answer is "without merit," is not "based on the merits of the complaint or evidence[,]" and the answer asks the court to "disregard [its] duty to protect constitutional rights[.]" *Id.* Although Krumback relies on Federal Rule of Civil Procedure 12(b)(6), *see id.* at 1, defendants' answer does not include a claim for affirmative relief. *See* Docket 23. To the extent Krumback seeks relief under Rule 12(b)(6), his motion is denied.

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense[.]" Fed. R. Civ. P. 12(f). Although Krumback contends that some of the affirmative defenses defendants raise in

3

their answer will not succeed, at this stage of the proceedings, the court does not find that any of the affirmative defenses should be stricken under Rule 12(f).

The Eighth Circuit Court of Appeals has instructed that a court should not strike a defense as "legally insufficient" if the defense is either "sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (internal quotation omitted). "[A]ffirmative defenses are pled in an effort to put the opposing party on notice of possible defenses likely to be developed during discovery, at which point the opposing party will have had enough time and information to analyze and, potentially, rebut them." *Summers Mfg. Co., Inc. v. Tri-County AG, LLC*, 300 F. Supp. 2d 1025, 1044 (S.D. Iowa 2017). "[A]lthough the permissive language of Rule 12(f) provides courts with broad discretion regarding affirmative defenses, the Eighth Circuit views striking an affirmative defense as 'an extreme measure.'" *Id.* (quoting *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam). "[A] motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Abrogast v. Healthcare Revenue Recovery Group*, 327 F.R.D. 267, 269 (E.D. Mo. 2018) (internal quotation omitted). Krumback does not argue that he will be prejudiced if some or even all the affirmative defenses remain. As one court has recognized, "if defenses are irrelevant, they will likely never be raised by Defendant[s]; if they may be relevant, they would be more properly addressed

4

with the benefit of a fuller record." *Id.* at 270–71. For these reasons, Krumback's motion to strike (Docket 30) is denied.

A reply to an answer is only permitted if the court orders a reply. *Landman v. Kaemingk*, 2020 WL 3608288, at *6 (D.S.D. July 2, 2020); *see also* Fed. R. Civ. P. 7(a)(7) (stating that "if the court orders one, a reply to an answer" is permitted). Defendants' answer does not contain any matters for which a reply is warranted. Thus, Krumback's motion for leave to file a reply brief in response to defendants' answer (Docket 36) is denied.

II. **Krumback's Motion for Leave to File a Reply Brief in Response to Defendants' Motion in Opposition to the Third Amended Complaint (Docket 45)**

Krumback seeks leave to file a reply brief in response to defendants' motion in opposition to the third amended complaint. Docket 45. The court construes defendants' motion in opposition to Krumback's third amended complaint (Docket 43) as a motion to strike the third amended complaint. Under the District of South Dakota's Local Civil Rules of Practice,[4] leave of court is not required to file a responsive brief in opposition to a motion filed by an opposing party. According to the Local Rules, "[o]n or before 21 calendar days after service of a motion and brief, . . . all opposing parties must serve and file a responsive brief containing opposing legal arguments and authorities in support thereof." D.S.D. Civ. LR 7.1(B). Krumback's motion for leave to file a brief in response to defendants' motion in opposition to the third amended

---

[4] When the court issued the Rule 16 Scheduling Order, Krumback was provided a copy of the District of South Dakota's Local Civil Rules of Practice. *See* Docket 35.

5

complaint (Docket 45) is denied as moot. In accordance with Local Rule 7.1(B), Krumback's brief in opposition to defendants' motion in opposition to the third amended complaint was due on October 14, 2025. Because Krumback's motion for leave to file a responsive brief was filed on October 14, 2025, the court will permit Krumback to file a brief in opposition to defendants' motion in opposition to the third amended complaint on or before **November 3, 2025**.

### III.    Krumback's Motion for Leave to Take Discovery (Docket 37)

Krumback requests that the court grant "leave for the plaintiff to obtain the discovery of written interrogatories and reproductions of electronically stored documents[.]" Docket 37 at 1. A party may serve interrogatories and requests for production on another party without obtaining leave of court. *See* Fed. R. Civ. P. 33, 34. Krumback's motion for leave to take discovery (Docket 37) is denied as moot. Krumback may serve interrogatories and requests for production on defendants, but Krumback's discovery requests must comply with the Rule 16 Scheduling Order (Docket 35), and Federal Rules of Civil Procedure 26, 33, and 34, copies of which were provided to Krumback along with the Rule 16 Scheduling Order.

Thus, it is ORDERED:

1. That Krumback's motion to strike defendants' answer (Docket 30) is denied.

2. That Krumback's motion for leave to file a reply brief in response to defendants' answer (Docket 36) is denied.

3. That Krumback's motion for leave to file a brief in response to defendants' motion in opposition to the third amended complaint (Docket 45) is denied as moot. Krumback may file a brief in opposition to defendants' motion in opposition to the third amended complaint on or before **November 3, 2025**.

4. That Krumback's motion for leave to take discovery (Docket 37) is denied as moot. Krumback may serve interrogatories and requests for production on defendants, but Krumback's discovery requests must comply with the Rule 16 Scheduling Order (Docket 35), and Federal Rules of Civil Procedure 26, 33, and 34.

Dated October 22, 2025.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE