UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON A. KRUMBACK,<br><br>    Plaintiff,<br><br> vs.<br><br>KELLIE WASKO, Secretary of the South Dakota Department of Corrections, in individual capacity; AMBER PIRAGGLIA, Director of the South Dakota Department of Corrections, in individual and official capacity; ADDYSON AGUIRRE, South Dakota Department of Corrections Staff Attorney, in individual and official capacity; TERESA BITTINGER, Warden of SD State Pennitentiary, in individual capacity; OFFICER MICHELE BIGGINS, Mail Room Supervisor, in individual capacity; UNIT MANAGER RYAN VANDERAA, Unit Manager of B Unit at the Jameson Annex Facility, in individual capacity; MELISSA MATURAN, Grievance Coordinator of the South Dakota State Pennitentiary, in individual capacity; JOSEPH ROEMMICH, Warden of the South Dakota State Penitentiary, in official capacity; and NICK LAMB, Secretary of the South Dakota Department of Corrections, in his official capacity.<br><br>    Defendants. | 4:24-CV-04156-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE VERIFICATION AND MOTION FOR SANCTIONS |

Plaintiff, Jason A. Krumback, an inmate at the South Dakota State Penitentiary (SDSP) Jameson Annex, filed a pro se civil rights lawsuit under 42

U.S.C. § 1983. Docket 1. The court granted Krumback's motion to proceed in forma pauperis and screened his complaint, dismissing it in part and directing service in part. Docket 8. Krumback contends that Officer Biggins, who is a named defendant, expressed surprise that he was a named defendant and stated that he did not know anything about Krumback's lawsuit when Krumback showed him a copy of the return of service. Docket 29 at 1. Because one defendant allegedly advised Krumback that the defendant has not communicated with the Assistant Attorney General who has appeared on his behalf, Krumback has filed a motion seeking sanctions from defendants' counsel. Docket 28. Krumback has also filed a "Motion for Service Verification" and requests that the court direct defendants' counsel to file affidavits from each defendant identifying the time, date, and person who served the summons, complaint, and court's screening order on the defendant. Docket 27 (emphasis and capitalization in original omitted). Defendants have not responded to Krumback's motions, and their time for doing so has expired. *See* D.S.D. Civ. LR 7.1.B (providing that opposing parties must serve and file a responsive brief containing opposing legal arguments and authorities on or before 21 calendar days after service of a motion).

I.   **Motion for Service Verification (Docket 27)**

Although returns of service for each defendant have been filed,[1] because Biggins allegedly informed Krumback that Biggins was not aware that he is being sued, Krumback contends that defendants' answers will be "invalid and

---

[1] *See* Dockets 19, 24.

void[]" unless service is verified. Docket 27 at 1. Krumback's concern is misplaced for two reasons.

The Federal Rules of Civil Procedure allow for substituted service of process. *See* Fed. R. Civ. P. 4(e)(1)(C). The return of service for Biggins indicates that the summons was served on Melissa Maturan, who was designated by law to accept service of process on behalf of the SDSP. Docket 24 at 9. *See also* S.D.C.L. § 24-1-12) ("All process served within the precincts of a state correctional facility . . . upon a person or officer employed within the precincts thereof . . . must be served and returned by the warden, personally or by a designee."); South Dakota Department of Corrections (SDDOC) Legal – Service, Tracking, and Dissemination of Legal Documents, Policy No. 1500-03 at 1, https://www.doc.sd.gov/about-us/policies (last visited Jan. 12, 2026) ("Each DOC institution and unit shall designate persons who will accept service of summonses and complaints. . . . The persons designated may only accept service for current offenders and DOC employees.").

But even if Maturan were not authorized by law and SDDOC policy to accept service on behalf of current SDDOC employees, all defendants have waived any defense challenging sufficiency of service or process. Insufficient process and insufficient service of process are affirmative defenses that are waived if they are not raised before a defendant answers. Fed. R. Civ. P. 12(b), (h)(1). Biggins, as well as the other defendants have answered, and no defendant has raised any affirmative defense regarding service. Docket 23. For these reasons, Krumback's motion for service verification (Docket 27) is denied.

## II.     Motion for Sanctions (Docket 28)

Krumback moves for sanctions under Federal Rule of Civil Procedure 11(c)(1) based on alleged "misconduct of the defendants [sic] counsel Clifton Katz." Docket 28 at 1. Krumback alleges that Katz filed defendants' answer electronically without serving Krumback.[2] *Id.* Krumback also contends that Katz has "lie[d] to the court about a fundamental aspect of judicial procedure[]" because Biggins allegedly was not aware that he was named as a defendant when the answer was filed. *Id.* at 1–2.

The United States Court of Appeals for the Eighth Circuit has held that "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Intern. Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). A court may impose sanctions under Federal Rule of Civil Procedure 11(c) "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated[.]" Fed. R. Civ. P. 11(c)(1). Federal Rule of Civil Procedure 11(b) provides:

> <u>Representations to the Court</u>. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[2] According to the certificate of service, defendants' answer was served on Krumback via first-class mail because he is not a CM/ECF user. Docket 23 at 4. Apparently Krumback received the answer because he filed a motion to strike the answer. Docket 30. If Krumback contends that a party must serve non-CM/ECF users by mail before electronically filing a pleading, Krumback is mistaken. Defendants' answer was properly served.

>  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

According to the Eighth Circuit, the "plain language" of Rule 11(c) provides that "party-initiated motions for sanctions 'shall be made separately from other motions or requests and shall describe the specific conduct' " constituting a violation. *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003) (quoting Fed. R. Civ. P. 11(c)). Additionally, "the motion for sanctions may only be filed or . . . presented to the court if the challenged paper, claim, defense, contention, or denial is not withdrawn or appropriately corrected within the 21-day period." *Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1102 (8th Cir. 2024) (internal quotations and citation omitted). Rule 11(c)(2) also requires that "[t]he motion . . . be served under Rule 5, but it must not be filed" until the 21-day period has passed. Fed. R. Civ. P. 11(c)(2). "Thus, Rule 11(c)(2) creates a 'safe harbor' where a party is given the opportunity to withdraw or correct the challenged paper before a sanctions motion is filed." *Caranchini*, 97 F.4th at 1102.

5

Here, Krumback did not comply with the "safe harbor" provision of Rule 11(c)(2). "The safe-harbor provision is a strict procedural requirement." *Caranchini*, 97 F.4th at 1102 (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012)). A court must deny a Rule 11 motion for a movant's failure to follow the mandated procedure set forth in Rule 11(c)(2). *Gordon*, 345 F.3d at 1030 (reversing an order of sanctions when the moving party's "request for sanctions . . . was procedurally deficient[]"); *see also Walking Eagle v. United States*, 2011 WL 2881596, at *6–7 (D.S.D. July 15, 2011) (declining to address a pro se plaintiff's motion for Rule 11 sanctions because it was "foreclosed by his failure to comply with Rule 11's twenty-one day 'safe harbor' provision[]"). Because Krumback has made no attempt to comply with the safe harbor provision of Rule 11, his motion for sanctions (Docket 28) is denied.

Thus, it is ORDERED:

1. That Krumback's motion for service verification (Docket 27) is denied.
2. That Krumback's motion for sanctions (Docket 28) is denied.

Dated January 20, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE