UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON A. KRUMBACK,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Secretary of the South Dakota Department of Corrections, in individual capacity; AMBER PIRAGGLIA, Director of the South Dakota Department of Corrections, in individual and official capacity; ADDYSON AGUIRRE, South Dakota Department of Corrections Staff Attorney, in individual and official capacity; TERESA BITTINGER, Warden of SD State Pennitentiary, in individual capacity; OFFICER MICHELE[1] BIGGINS, Mail Room Supervisor, in individual capacity; UNIT MANAGER RYAN VANDERAA, Unit Manager of B Unit at the Jameson Annex Facility, in individual capacity; MELISSA MATURAN, Grievance Coordinator of the South Dakota State Pennitentiary, in individual capacity; JOSEPH ROEMMICH, Warden of the South Dakota State Penitentiary, in official capacity; and NICK LAMB, Secretary of the South Dakota Department of Corrections, in official capacity,<br><br>Defendants. | 4:24-CV-04156-KES<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT PLAINTIFF HAS NOT DEMONSTRATED AN ACTUAL INJURY AND DENYING REMAINING MOTIONS FOR SUMMARY JUDGMENT |

[1] According to defendants' answer (Docket 23 at 1), this defendant's first name is Michael.

Plaintiff, Jason A. Krumback, who was an inmate at the South Dakota State Penitentiary (SDSP) Jameson Annex, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court granted Krumback's motion for leave to proceed in forma pauperis and screened his complaint, dismissing in part and directing service. Docket 8. After answering, defendants filed a motion to dismiss for lack of subject-matter jurisdiction. Docket 42. In accordance with Federal Rule of Civil Procedure 12(d), the court notified the parties that the court intends to treat defendants' motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56. Docket 57 at 2. Krumback moves for summary judgment (Docket 47) and has also filed an amended motion for summary judgment (Docket 89). Defendants filed a second motion for summary judgment (Docket 83).

## I. Krumback's Third Amended Complaint (Docket 38)

Krumback filed a third amended complaint without seeking leave of court or obtaining defendants' consent. Docket 38; Docket 43 at 2–3. Defendants filed a motion in opposition to Krumback's third amended complaint (Docket 43), which the court construed as a motion to strike the third amended complaint. The court directed Krumback to file a brief in opposition to defendants' motion in opposition to the third amended complaint. Docket 53 at 6. Krumback characterizes his responsive brief as a motion requesting that the court deny defendants' motion to strike.[2] Docket 56 at 4.

[2] Neither the Federal Rules of Civil Procedure nor the District of South Dakota's local rules requires that Krumback file a motion requesting that the court deny defendants' motion to strike. If Krumback opposes a motion filed by

Krumback contends that his second amended complaint (Docket 34) is not "an amended complaint, but the highlighted portions of the brief in support of the motion for leave as required under LR 15.1." Docket 56 at 2 (emphasis in original omitted). According to Krumback, this means that the "[t]hird amended complaint" is actually the second amended complaint that Krumback had leave to file under the screening order. *Id.* Krumback's argument mischaracterizes his filings and the procedural background of this case.

In his complaint, Krumback requested declaratory relief "ordering SD DOC Policy 500.02(c) is unconstitutional, and must be removed from practice, under 18 USC 3226(A)(1) and 18 USC 3226(ii)(iii)[.]" Docket 1 at 23. Because Krumback sued all defendants in only their individual capacities, *id.* at 2–4, the court dismissed Krumback's individual capacity claims for declaratory relief without prejudice. Docket 8 at 13. But the court permitted Krumback to file an amended complaint alleging official capacity claims on or before July 3, 2025. *Id.* at 11, 13.

Before Krumback filed an amended complaint alleging official capacity claims for declaratory relief as permitted by the court's § 1915A screening order, he filed a motion for leave to file an amended complaint (Docket 11) along with a proposed amended complaint (Docket 11-1). Krumback notified the court that his motion for leave to file an amended complaint is not related

---

defendants, the local rules require that he file and serve a responsive brief setting out the legal arguments and authorities upon which his opposition is based. D.S.D. Civ. LR 7.1(B). The court has considered the arguments and authorities in Krumback's responsive brief, Docket 56, but his motion for an order denying defendants' motion to strike is denied as moot.

to the court's § 1915A screening order and clarified that his motion to amend (Docket 11) was intended to add a new defendant, Troy Ellis; remove the former Warden of the SDSP, Teresa Bittinger, and substitute her successor, Joseph Roemmich; add defendant Biggins's first name; change the name of the payee if any damages are awarded; and include a request for injunctive relief directing that Wasko and Pirraglia must allow indigent offenders to telephone courts free of charge. Docket 14. The court granted in part and denied in part Krumback's motion to amend (Docket 11). Docket 33 at 5–8. After the court granted in part Krumback's motion for leave to file an amended complaint, his proposed amended complaint (Docket 11-1) was docketed as an amended complaint (Docket 34).

As permitted by the § 1915A screening order, on June 23, 2025, Krumback filed an amended complaint alleging official capacity claims against Kellie Wasko, Amber Pirraglia, Addyson Aguirre, and Teresa Bittinger[3] seeking declaratory relief. Docket 13.

Krumback then filed a third amended complaint without seeking leave of court or obtaining defendants' consent. Docket 38; Docket 43 at 2–3. Defendants filed a motion in opposition to Krumback's third amended complaint (Docket 43), which the court construes as a motion to strike the third amended complaint. Contrary to Krumback's assertion, Docket 34 is an operative amended complaint, not a proposed amended complaint. Further,

[3] In his complaint (Docket 1 at 3) and amended complaint (Docket 13 at 3), Krumback misspelled this defendant's first name. The court uses the correct spelling of this defendant's first name.

Krumback's response to defendants' motion to strike does not discuss or even acknowledge that he filed an amended complaint alleging official capacity claims seeking declaratory relief on June 23, 2025. Docket 13. Krumback's amended complaint filed on June 23, 2025 (Docket 13), not the "third amended complaint" (Docket 38) that was filed on September 5, 2025, is the amended complaint that Krumback had leave to file under the screening order.

Krumback's third amended complaint (Docket 38) appears to be a document incorporating the proposed amendments to the initial complaint that the court granted Krumback leave to assert, *see* Docket 38 at 7–8, along with his requests for declaratory relief, that the court's screening order permitted Krumback to assert in an amended complaint, and requests for injunctive relief. *See generally* Docket 38. Defendants' primary objection to the third amended complaint is premised on their position that Krumback's claims for injunctive relief are futile. *See* Docket 43 at 4–6. It is not necessary for the court to consider whether Krumback's claims for injunctive relief in his third amended complaint are futile because Krumback's claims for injunctive relief and declaratory relief are now moot.

Krumback has been released from custody. *Adult Corrections Offender Locator*, S.D. Dep't of Corr., https://docadultlookup.sd.gov/adult/lookeup/details (last visited Sep. 16, 2026). Thus, his claims for declaratory and injunctive relief are moot. *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (recognizing that prisoner's claims for declaratory and injunctive relief to improve prison conditions are moot if the

inmate is no longer subject to those conditions). For the same reasons, Krumback's motion for preliminary injunction (Docket 40) is also denied as moot.[4]

While defendants are correct that Krumback should have sought leave of court before filing a third amended complaint, because the court has dismissed Krumback's claims for declaratory and injunctive relief as moot, defendants' motion to strike Krumback's third amended complaint, Docket 43, is denied. The third amended complaint, after dismissal of the claims for declaratory and injunctive relief, includes the allegations in Krumback's initial complaint, along with the amendments that Krumback was granted leave to assert, *see* Docket 38 at 7-8. Thus, defendants are not unfairly prejudiced by Krumback's failure to seek leave of court to file what is essentially a "clean up" amended complaint that does not alter the claims or supporting factual allegations.

## II. Motions for Summary Judgment

### A. Procedural Background

After defendants answered, defendants moved to dismiss for lack of subject-matter jurisdiction contending that Krumback "does not have Article III standing and, as such, the Court lacks jurisdiction in this case." Docket 42 at

[4] Krumback filed his motion for preliminary injunction (Docket 40) before he was released from custody. In accordance with D.S.D. Civ. LR 7.1(B), defendants were required to respond to Krumback's motion by filing a "responsive brief containing opposing legal arguments and authorities[.]" D.S.D. Civ. LR 7.1(B). But defendants did not respond to Krumback's motion for preliminary injunction. When a party opposes a motion, including motions filed by pro se litigants, that party should, in accordance with LR 7.1(B), advise the court that it opposes the motion and provide arguments and authorities in support of its opposition.

2; *see also id.* at 4 (stating that "a motion to dismiss for lack of subject-matter jurisdiction may be brought at anytime under Rule 12(h)(3)." (internal quotation omitted)). But defendants' motion to dismiss conflates Article III standing and prudential standing. Prudential standing consists of "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that plaintiff's complaint fall[s] within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (internal quotation omitted). Defendants rely on *Lewis v. Casey*, 518 U.S. 343 (1996) and contend that Krumback "does not meet the minimum requirements for Article III standing because [Krumback] does not plead injury in his First Amended Complaint, and cannot establish the actual-injury requirement for standing necessary to support access to courts claims." Docket 42 at 5–6. In *Lewis*, the United States Supreme Court stated:

> The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches. It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution. . . . But the distinction between the two roles would be obliterated if, to invoke the intervention of the courts, no actual or imminent harm were needed, but merely the status of a being subject to a governmental institution that was not organized or managed properly.

518 U.S. at 349–50. In *Lewis*, the Supreme Court was discussing prudential standing, not Article III standing.

The Eighth Circuit Court of Appeals "has never directly decided whether prudential standing is a waivable exercise in judicial self-restraint or a jurisdictional bar determining the power of the court to entertain the suit." *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 938 (8th Cir. 2013) (citation modified). There is a "deep and important circuit split on this important issue." *Id.* (internal quotation omitted). Here, if prudential standing is waivable, defendants did not timely raise the issue. But it is not necessary for the court to resolve this issue because the court notified the parties that it intends to construe defendants' motion to dismiss as a motion for summary judgment, and both parties had ample opportunity to present evidence and argument regarding whether Krumback had demonstrated an actual injury that hindered his efforts to pursue a nonfrivolous and arguably meritorious underlying legal claim. *See* Docket 57; *see also* Dockets 59, 60, 68.

**B. Factual Background**

**1. Preliminary Statement**

A party moving for summary judgment must submit a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried. Each material fact must be presented in a separate numbered statement with an appropriate citation to the record in the case." D.S.D. Civ. LR 56.1(A). "A party opposing a motion for summary judgment must respond to each numbered paragraph in the moving party's

statement of material facts with a separately numbered response and appropriate citations to the record." *Id.* at 56.1(B). There are four motions for summary judgment now pending: Docket 42 (defendants' motion to dismiss converted to a motion for summary judgment under Rule 12(d); Docket 47 (Krumback's motion for summary judgment); Docket 83 (defendants' second motion for summary judgment); and Docket 89 (Krumback's amended motion for summary judgment). Neither Krumback nor defendants fully complied with Local Rule 56.1 when responding to the opposing party's motions for summary judgment.

For example, Krumback submitted statements of facts in support of his motion for summary judgment and his amended motion for summary judgment (Dockets 48 and 90), but he included purported conclusions of law and did not provide appropriate citations to the record for all the statements that are factual statements. When defendants responded to Krumback's statement of facts in support of his motion for summary judgment, defendants did not respond to each paragraph. *Compare* Docket 48 *with* Docket 65. Instead, defendants merely restated the same four paragraph statement of facts they rely on in support of their motion for summary judgment. *Compare* Docket 59 *with* Docket 65. Defendants responded to each paragraph in Krumback's statement of facts in support of his amended motion for summary judgment. *Compare* Docket 90 *with* Docket 98. But when disputing those paragraphs containing factual statements instead of legal conclusions, defendants did not

include appropriate citations to the record as required by D.S.D. Civ. LR 56.1(b). Docket 98.

The statement of facts defendants submitted in support of each of their motions for summary judgment are identical. *See* Dockets 48,[5] 87. Krumback's response to defendants' initial statement of facts cites to some record evidence, but the response looks much like a brief and contains more legal arguments than appropriate citations to the record. Docket 68. When Krumback responded to defendants second statement of facts, he responded to each paragraph, but he did not include appropriate citations to the record. Docket 96. Although not required to do so, *see Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996), the court has reviewed all the record evidence to determine whether Krumback has demonstrated an actual injury resulting from defendants' actions he challenges. The court also takes judicial notice of the records of the pending actions Krumback identifies in his amended complaint. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notices of judicial opinions and public records"); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (recognizing that

---

[5] Because defendants' motion to dismiss was limited to the issue of whether Krumback had demonstrated prejudice and an actual injury due to the alleged denial of access to the courts, the court anticipated that the statement of facts defendants filed after the court notified the parties of its intent to convert the motion to dismiss to a motion for summary judgment would relate to this element, but it does not. *See* Docket 48. Defendants' statement of facts relate to whether the actions Krumback challenges were "reasonable" limitations. *Id.* Nevertheless, before Krumback responded to defendants' statement of facts, Docket 48, the court instructed Krumback that he must "identify specific record evidence to satisfy the actual injury requirement of a First Amendment claim for denial of access to the courts." Docket 62 at 3.

judicial notice is particularly applicable to a court's own records of prior litigation closely related to the case before it).

**2. Challenged Conduct**

According to Krumback's complaint, on July 2, 2024, SDSP unit Manager Ryan Vanderaa denied Krumback's request to process mail related to his appeal of the order dismissing his petition for habeas corpus under 28 U.S.C. § 2254 (*Krumback v. Fluke*, 4:23-CV-4155). Docket 38 at 8; *see also* Docket 1 at 9. Krumback contends that Vanderaa denied the mail request because Krumback had reached his monthly mailing limit. *Id.* Defendants do not dispute that in July 2024, Krumback's outgoing privileged/legal mail was limited, Docket 59 ¶ 2, but defendants contend that the limitation was "reasonable" and in accordance with applicable DOC policies and procedures. *Id.*

Krumback also contends that Vanderaa refused to provide him paper or pen on July 24, 2024. Docket 38 at 9; Docket 1 at 12. According to Krumback, he informed Vanderaa that he needed paper and a black pen to prepare a legal document, i.e., an emergency motion for injunction in *Krumback v. Bittinger*, 24-2254. *Id.*[6] Defendants do not dispute that in July 2024, Krumback's access

[6] Although it does not appear that Krumback filed an "emergency motion for injunction" in appeal number 24-2254, a review of the docket entries in that case reveals that Krumback filed a motion for expedited appeal and supporting memorandum on July 15, 2024; an emergency motion to compel panel judicial review on August 14, 2024; an emergency motion for release on personal recognizance bond on August 19, 2024; and various other motions and submissions docketed as supporting memoranda that span hundreds of pages. When the Eighth Circuit denied Krumback's application for a certificate of appealability, the Eighth Circuit denied all of Krumback's pending motions.

to writing materials and paper to draft legal mail was limited. Docket 59 ¶ 3. But defendants contend that the limitation was "reasonable" and in accordance with applicable DOC policies and procedures. *Id.*

Finally, Krumback asserts that on July 9, 2024, Vanderaa denied Krumback's request to call the Eighth Circuit Court of Appeals "as well as an estate lawyer . . . who oversees . . . Krumback's inheritance from his mother[.]" Docket 38 at 11–12; Docket 1 at 15.[7] Vanderaa, according to Krumback, directed him to "write them[.]" Docket 38 at 12; Docket 1 at 15.[8] Defendants do not dispute that in July 2024, Krumback's phone access was limited, Docket 59 ¶ 4, but defendants contend that the limitation was "reasonable" and in accordance with applicable DOC policies and procedures. *Id.*

### 3. Krumback's Pending Cases

When the limits were imposed, Krumback contends that he had three pending cases: *Krumback v. Bittinger*, 24-2254 (8th Cir.); *Krumback v. Bittinger*,

---

Judgment, *Krumback v. Bittinger*, No. 24-2254, 2024 WL 4719163 (8th Cir. Oct. 4, 2024).

[7] Krumback's constitutional right to access the courts does not extend to any matters related to his mother's estate. *See Lewis*, 518 U.S. at 355 (stating that *Bounds* requires only that inmates have the capacity to "attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

[8] The docket in Eighth Circuit appeal number 24-2254 demonstrates that Krumbeck sent a letter to the Eighth Circuit of Clerk, dated August 1, 2024, which was filed on August 9, 2024, expressing his concern that no panel had been assigned to his appeal. On the day that the Eighth Circuit received Krumback's letter, the Clerk's office mailed him a copy of the docket sheet. Letter from Appellant, *Krumback v. Bittinger*, No. 24-2254 (8th Cir. Aug. 9, 2024).

4:24-CV-3122 (D.S.D.); and *Krumback v. Noem*, 4:24-CV-4040 (D.S.D.). Docket 38 ¶ 6. Defendants correctly note that *Krumback v. Bittinger*, 4:24-CV-3122 (D.S.D) does not appear on PACER. *See* Docket 42 at 6 n.7. Krumback has not notified the court of the correct name or case number that he intended to reference.

On October 4, 2023, Krumback filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 42-1 at 1; *Krumback v. Fluke,* 4:23-CV-4155-KES, at Docket 1 (D.S.D. Oct. 1, 2023). On May 24, 2024, more than a month before the actions giving rise to this action for denial of access to the courts, Krumback's habeas petition was dismissed without prejudice because his claims were unexhausted. *Krumback*, 4:23-CV-4155-KES at Docket 77 at 17–18. The court declined to issue a certificate of appealability. *Id.* at 17. Krumback filed a notice of appeal to the Eighth Circuit Court of Appeals on June 17, 2024. *Id.* at Docket 82.[9] The Eighth Circuit construed Krumback's notice of appeal as application for certificate of appealability, which the Eighth Circuit denied on October 4, 2024. *Id.* at Docket 89.

In *Krumback v. Noem*, 4:24-CV-04040-CBK (D.S.D. Mar. 6, 2024), another one of the "open cases" Krumback identified in his amended complaint, Krumback filed a complaint seeking a declaratory judgment that

[9] In his amended complaint, Krumback identifies *Krumback v. Bittinger*, 24-2254, as one of his pending cases at the time of the alleged denial of access to the courts. Docket 38 ¶ 6. 24-2254 is the docket number the Eighth Circuit Court of Appeals assigned when Krumback appealed from the May 24, 2024 judgment dismissing his habeas petition without prejudice. *See* Docket 42-1 at 7 (Docket entry 86 entered on June 20, 2024); Docket 42-2 at 1.

certain South Dakota statutes were unconstitutionally overbroad. *Id.* at Docket 1; *see also* Docket 42-3 at 1. By order dated July 22, 2024, the court dismissed Krumback's complaint on screening, finding that his "claim is effectively a challenge to [his] state court convictions and sentences and is not cognizable in a declaratory judgment action. He must seek appropriate state court habeas relief instead." *Krumback*, 4:24-CV-04040-CBK at Docket 17 at 4; *see also* Docket 42-3 at 2. After entry of judgment against him, Krumback filed various motions seeking post-judgment relief, all of which were denied. *Krumback*, 4:24-CV-04040-CBK at Dockets 22, 24, 26, 28, 29, 30; *see also* Docket 42-3 at 2–3. Krumback did not appeal the judgment of dismissal. *See generally* Docket 42-3.

### C. Summary Judgment Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation omitted). The underlying substantive law

identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247–48 (emphasis omitted). Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved . . . in favor of either party." *Id.* at 250.

**D. Essential Elements of a Denial-of-Access-to-the-Courts Claim**

"The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To prevail on a claim for denial of access to the courts, a prisoner must demonstrate that he has sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001) (citing *Klinger v. Dep't of Corrs.*, 107 F.3d 609, 617 (8th Cir. 1997)). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a

nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White*, 494 F.3d at 680)). As the Supreme Court has explained the actual injury requirement:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . Insofor as the right vindicated by *Bounds* is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351 (internal quotation omitted). According to the Eighth Circuit, "*Lewis* limits the scope of the right of access to the courts to the filing of an action attacking a sentence or challenging conditions of confinement." *Cody v. Weber*, 256 F.3d 764, 770 (8th Cir. 2001). "The state has no obligation to 'enable the prisoners . . . to *litigate effectively once* in court.' " *White*, 494 F.3d at 680 (quoting *Lewis*, 518 U.S. at 354) (italics in original).

Krumback does not allege, and there is no record evidence demonstrating that the actions in July 2024 alleged in his amended complaint prevented him from filing a new action attacking his sentence or challenging his conditions of confinement. *See generally* Docket 38. Further, although Krumback alleges that he had two actions pending in July 2024, the challenged conduct relates only to Krumback's appeal of the dismissal without

prejudice of his petition of writ of habeas corpus under 28 U.S.C. § 2254, which was dismissed because his claims were unexhausted.[10] Docket 38 at 8–13.

Although the parties do not address it, the court questions whether a petition for writ of habeas corpus under 28 U.S.C. § 2254 raising only unexhausted claims is nonfrivolous and arguably a meritorious claim, which, of course, is why the court declined to issue a certificate of appealability when the court dismissed without prejudice Krumback's petition for writ of habeas corpus. *See Hartsfield*, 511 F.3d at 831; *Krumback*, 4:23-CV-4155-KES at Docket 77 at 17–18. Federal law clearly provides that federal habeas review of state court convictions is limited to claims that were first presented to the state court before being presented to the federal court. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). When the magistrate judge recommended that Krumback's habeas petition be dismissed without prejudice, Krumback had available state court remedies to address his claims, all of which the magistrate judge outlined. *Krumback*, 4:23-CV-4155-KES at Docket 39 at 13. Even assuming, however, that Krumback's petition for writ of habeas corpus presented nonfrivolous and arguably meritorious claims, Krumback has not demonstrated an actual injury caused by the challenged conduct.

---

[10] Krumback does not allege and there is no evidence that defendants' alleged denial of access to the courts impeded his efforts to exhaust his claims in state court.

It is undisputed that Krumback's notice of appeal, which the Eighth Circuit construed as an application for certificate of appealability, was docketed and pending prior to July 2024, when defendants allegedly denied him access to the Eighth Circuit regarding his pending appeal. After the notice of appeal was docketed, the Federal Rules of Appellate Procedure did not require that Krumback submit any further filings before the Eighth Circuit considered his application for a certificate of appealability. The Eighth Circuit did not issue any orders requiring that Krumback submit any further filings. Although the Eighth Circuit denied Krumback's application for a certificate of appealability, the denial was not due to Krumback's failure to meet a deadline or comply with any rule or order to prosecute his appeal.

Krumback has demonstrated that his ability to access the courts was delayed as a result of the actions alleged in his amended complaint. *See generally* Docket 38. But delay in and of itself is insufficient as a matter of law to demonstrate an actionable denial of access-to-the-courts claim. It is undisputed that on July 2, 2024, Vanderaa refused to process legal mail related to Krumback's pending appeal of the order dismissing his petition for writ of habeas corpus. Docket 38 at 8; Docket 59 ¶ 2. Krumback has not provided any evidence regarding the content of this legal mail or demonstrated how the refusal to send this legal mail on July 2, 2024, caused the Eighth Circuit to deny his application for a certificate of appealability on October 4, 2024.

It is also undisputed that Vanderaa refused to provide Krumback paper or pen on July 24, 2024, to prepare an emergency motion for injunction for filing in his pending appeal. Docket 38 at 9; Docket 59 ¶ 3. But Krumback has not provided any specifics regarding the factual basis or legal grounds for emergency injunctive relief. Similarly, Krumback has not provided evidence demonstrating that the Eighth Circuit would have granted his application for a certificate of appealability if he had been provided paper and pen to prepare an emergency motion for injunctive relief on July 24, 2024. As the court previously stated, before the Eighth Circuit denied his application for a certificate of appealability, Krumback filed multiple motions seeking emergency relief as well as other motions and submissions spanning hundreds of pages. *See supra* at 11–12 n.6.

Finally, it is undisputed that Vanderaa denied Krumback's request to call the Eighth Circuit Court of Appeals on July 9, 2024. Docket 38 at 11–12; Docket 59 ¶ 4. Again, however, Krumback has not provided any record evidence demonstrating that his inability to call the Eighth Circuit on July 9, 2024 was related to the Eighth Circuit's denial of his application for a certificate of appealability.

Relying on *Lewis v. Casey*, Krumback argues that 21-day delay in processing legal mail to file pleadings in open cases is "injury of the prevention of legal claims within the record." Docket 44 at 2; *see also* Docket 69 at 7 ("If the mandatory authority held in **LEWIS id** that a time period of 16 days for offenders in a locked down status demonstrates a prejudice to a legal claim of a

standing contention, the [sic] why doesn't a 21 day time period for an offender in general population?"). Krumback's reliance on *Lewis v. Casey* is misplaced.

In *Lewis*, the district court identified only two instances of actual injury related to the Arizona Department of Corrections' "failures with respect to illiterate and non-English-speaking prisoners[.]" 518 U.S. at 356. The district court and, therefore, the Supreme Court did discuss delays lockdown prisoners experienced in receiving legal materials or legal assistance. *See, e.g.*, *id.* at 361–62. Neither the district court nor the Supreme Court held that a 16-day delay as a matter of law constitutes an actual injury. According to the Supreme Court:

> The District Court made much of the fact that lockdown prisoners routinely experience delays in receiving legal materials or legal assistance, some as long as 16 days, but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury (which, of course, the District Court did not find here).

*Id.* (internal citation omitted).

Similarly, Krumback's contention that he suffered "prejudice" based on the definition of the term in *Black's Law Dictionary* and *Webster's Dictionary* is misplaced. *See* Docket 44 at 2. The Supreme Court has defined what constitutes an "actual injury" sufficient to demonstrate prejudice and to allege a viable claim for denial of the constitutional right to access the courts. *See, e.g., Lewis*, 518 U.S. at 353. Whether Krumback may have suffered "prejudice" as that term is defined in a dictionary has no bearing on whether he has

satisfied the actual injury requirement of a First Amendment claim for denial of access to the courts.

Finally, Krumback alleges that the denial of access to the courts "triggers [his] Major Depression disorder." Docket 1 at 9; *see also* Docket 13 at 7, 10, 13. Even assuming that this is true, neither the Supreme Court nor the Eighth Circuit has ever held that mental or emotional injury satisfies the actual injury element of a claim for denial of access to the courts. Krumback must come forward with competent, admissible evidence demonstrating that defendants' challenged actions frustrated or impeded a nonfrivolous legal claim. Because he has not done so, whether he experienced mental or emotional injury is of no moment.[11]

Krumback's notice of appeal in his § 2254 proceeding was pending in July 2024, when he alleges he was not permitted to call the Eighth Circuit Clerk of Court, not permitted to send legal mail for 21 days, and not provided pen and paper to draft an emergency motion for injunctive relief. But Krumback cites to no record evidence demonstrating that the Eighth Circuit's denial of his application for a certificate of appealability was in any way related to or caused by the conduct on which his denial of access-to-the-courts claim is based. Thus, defendants' motion to dismiss (Docket 42), which the court has considered as a motion for summary judgment under Rule 12(d), is granted. Krumback's individual capacity claims for money damages are dismissed

---

[11] Even if there were evidence sufficient to satisfy the actual injury element, the PLRA precludes Krumback from recovering damages for mental or emotional injury because he has not suffered a physical injury. 42 U.S.C. § 1997e(e).

without prejudice. *See White*, 494 F.3d at 681 n.3 (declining to consider whether a prisoner had been denied meaningful access to the courts because the prisoner did not demonstrate that he suffered an actual injury and "thus no jurisdictional standing[.]"); *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (finding that a prisoner who failed to show that the lack of a library or access to an attorney hindered her efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action did not suffer a cognizable injury and lacked standing to bring an access-to-the-courts claim).

### E. Remaining Motions for Summary Judgment (Dockets 47, 83, 89)

Krumback's motion for summary judgment (Docket 47) and amended motion for summary judgment (Docket 89) are denied. Federal Rule of Civil 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because there is no record evidence that Krumback suffered an actual injury, which is an essential element of a viable claim for denial of access to the courts, Krumback is not entitled to judgment as a matter of law.

In defendants' second motion for summary judgment (Docket 83), defendants argue that they are entitled to summary judgment for five additional reasons. Because the court has ruled that defendants are entitled to summary judgment and Krumback has not come forward with any competent, admissible evidence that any of defendants' actions that allegedly denied him

access to the courts caused any actual injury, defendants' second motion for summary judgment (Docket 83) is denied as moot.[12]

## III. Krumback's Motion Seeking Relief from Denial of Default

The court granted defendants' motion to modify the scheduling order and motion for leave to file a second motion for summary judgment. Docket 81 at 3. The court also permitted Krumback to file a second motion for summary judgment raising arguments he had not previously raised on or before March 2, 2026. *Id.* Krumback's second or amended motion for summary judgment was filed on March 3, 2026, although the envelope addressed to the Clerk of Court was postmarked on February 27, 2026. Docket 89-1 at 1. Defendants' response to Krumback's second or amended motion for summary judgment was filed on March 23, 2026. Dockets 97, 98. On March 25, 2026, Krumback filed a motion for entry of default judgment asserting that defendants did not respond to his amended motion for summary judgment. Docket 99. Krumback's motion is dated March 23, 2026, and contains a certificate of service stating that it was mailed on March 23, 2026, but the envelope was postmarked on March 20, 2026. *Id.* at 3, 4, 5. The Clerk of Court declined to enter default and a default

---

[12] Defendants contend that the limitations that Krumback challenges are consistent with DOC policies that are reasonably related to legitimate penological interests. Docket 85 at 8–17 (discussing the four-factor test set out in *Turner v. Safley*, 482 U.S. 78 (1987)). Without citing to any record evidence, defendants identify the penological interests purportedly underlying the policies on which defendants rely. *See, e.g., id.* at 11, 12, 13, 14, 16. At the summary judgment stage, however, the court cannot guess, assume, or speculate as to the penological reasons that underlie any specific policy. Rather, the court relies on record evidence, such as affidavits from prison officials, but there is no such record evidence in this case.

judgment under Rule 55(a) and Rule 55(b)(1) of the Federal Rules of Civil Procedure. Docket 101. Krumback seeks relief under Federal Rule of Civil Procedure 60 from the Clerk's order declining to enter default. Docket 102.

Krumback's motion for relief under Rule 60 (Docket 102) is denied. The court's order granting defendants' motion to amend the scheduling order required that defendants file and serve their response to Krumback's amended or second motion for summary judgment on or before March 23, 2026. Docket 81 at 3. Defendants' response was timely filed on March 23, 2026. Dockets 97, 98. Krumback's motion for relief under Rule 60 seems to be premised on his contention that the defendants' response was not timely because he did not receive the service copies on or before March 23, 2026. *See* Docket 102 at 2. Defendants' responsive filings include a certificate of service stating that they were mailed to Krumback on March 23, 2026. Docket 97 at 21; Docket 98 at 5. Thus, defendants' response was timely served even if Krumback did not receive the service copies until after the March 23, 2026 deadline. Fed. R. Civ. P. 5(b)(2)(C) (stating that service is complete upon mailing).

Thus, it is ORDERED:

1. That Krumback's claims for declaratory and injunctive relief are denied as moot and dismissed without prejudice.
2. That Krumback's motion for preliminary injunction (Docket 40) is denied as moot.
3. That defendants' motion to strike Krumback's third amended complaint (Docket 43) is denied.

4. That Krumback's motion for an order denying defendants' motion to strike (Docket 56) is denied as moot.

5. That defendants' motion to dismiss Krumback's individual capacity claims for money damages (Docket 42) that this court has considered as a motion for summary judgment, is granted.

6. That Krumback's motion to dismiss defendants' motion to dismiss for lack of subject matter jurisdiction (Docket 55) is denied as moot.

7. That Krumback's motion for summary judgment (Docket 47) is denied.

8. That defendants' second motion for summary judgment (Docket 83) is denied as moot.

9. That Krumback's amended motion for summary judgment (Docket 89) is denied.

10. That Krumback's motion for evidentiary hearing (Docket 82) is denied as moot.

11. That Krumback's motion for relief under Rule 60 (Docket 102) is denied.

12. That Krumback's motion for expedited consideration (Docket 107) is denied as moot.

Dated September 23, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE